STEVEN N. RICHMAN, State Bar No. 101267
H. MARK MADNICK, State Bar No. 228126
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California 90067-2512
Telephone:   (310) 785-0885
Facsimile:    (310) 785-0787
E-Mail:         srichman@erlaw.com
                    hmmadnick@erlaw.com

Attorneys for Defendant
FIRST FEDERAL BANK

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOMES LOANS; EMC MORTGAGE CORPORATION; INDYMAC BANK; PACIFIC MONARCH RESORTS, INC.; FIRST FEDERAL BANK; GE MONEYBANK; HOUSEHOLD BANK; BANK OF NEW YORK; DAVID L. SKELTON, Bankruptcy Trustee; JOHN J. KRALIK; SUPERIOR COURT CHIEF CLERK C. SCLINSKY; PRESIDING ADMINISTRATIVE JUDICIAL OFFICE; COMMISSIONERS/LEVY OFFICERS; DOES 1-45,<br><br>    Defendants. | CASE NO. 07-CV-02334-WQH (WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FIRST FEDERAL BANK OF CALIFORNIA:**<br><br>(1)   **TO DISMISS ALL CLAIMS FOR RELIEF ACTION AGAINST FIRST FEDERAL BANK OF CALIFORNIA [F.R.C.P. (8) & 12(b)(6)];**<br><br>OR, IN THE ALTERNATIVE,<br>(2)   **FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Date:   January __, 2008<br>Time:   _____ a.m.<br>Crtrm.: 4<br>Judge:  Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. INTRODUCTION ..................................................................................................................... 1

II. FACTUAL HISTORY .............................................................................................................. 2

    A.    Facts of the Case .............................................................................................. 2

    B.    Similar Cases in the Southern District ............................................................ 3

    C.    Carter's Claims ................................................................................................ 4

III. STANDARD OF REVIEW .................................................................................................... 5

    A.    Federal Rule of Civil Procedure 8 ................................................................... 5

    B.    Federal Rule of Civil Procedure 12(b)(6) ....................................................... 5

    C.    Federal Rule of Civil Procedure 12(e) ........................................................... 6

IV. CARTER'S CLAIMS ARE NOT COGNIZABLE LEGAL CLAIMS .................................. 6

V. CARTER LACKS STANDING AND CANNOT POSSIBLY ALLEGE THE REQUISITE FACTS TO ESTABLISH ANY OF THE ELEMENTS OF THE CLAIMS HE HAS ASSERTED AGAINST FIRST FEDERAL ....................... 7

    A.    Carter Lacks Standing to Challenge the Deed of Trust Because He is Not a Borrower of First Federal and Has No Interest in the Weaver Property. ............................................................................................................ 7

    B.    Carter Has Failed to Plead Any Facts or Law Which Support His RICO and RICO Conspiracy Claims ................................................................. 8

    C.    Carter Has Failed to Allege the Existence of Any Contract Between Himself and First Federal, and Therefore First Federal Cannot Have Committed the Contractual Violations Alleged in the Complaint ................. 10

    D.    Carter Has No Right to Bring the Criminal Code Violations Alleged in the Complaint .............................................................................................. 11

VI. IF THE COURT DOES NOT DISMISS THE COMPLAINT AS TO FIRST FEDERAL, CARTER SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT ................................................................................................... 11

VII. CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

Page

**CASES**

Alan Neuman Productions, Inc. v. Alrbright
    862 F.2d 1388, 1392 (9th Cir. 1988).................................................................9

Bureerong v. Uvawas
    922 F.Supp. 1450, 1461 (C.D. Cal. 1996) ..........................................................6

Corcoran v. Yorty
    347 F.2d 222, 223 (9th Cir. 1965).......................................................................5

Delta Educ., Inc. v. Langlois
    719 F.Supp. 42, 50 (D.N.H. 1989) ......................................................................6

Federal Sav. and Loan Ins. Corp. v. Musacchio
    695 F.Supp. 1053, 1060 (N.D. Cal. 1988) ..........................................................6

Gompper v. VISX, Inc.
    298 F.3d 893, 895 (9th Cir. 2002).......................................................................5

Jones v. Community Redevelopment Agency of City of Los Angeles
    733 F.2d 646, 649 (9th Cir. 1984).......................................................................5

Levine v. Diamanthuset, Inc.
    950 F.2d 1478, 1482 (9th Cir. 1991)...................................................................5

Moore v. United States
    193 F.R.D. 647, 651 (N.D. Cal. 2000) ..........................................................6, 11

Ove v. Gwinn
    264 F.3d 817, 821 (9th Cir. 2001).......................................................................5

Robertson v. Dean Witter Reynolds, Inc.
    749 F.2d 530, 534 (9th Cir. 1984).......................................................................5

Schreiber Distributing Co. v. Serv-Well Furniture Co, Inc.
    806 F.2d 1393, 1401 (9th Cir. 1986)...................................................................9

Sprewell v. Golden State Warriors
    266 F.3d 979, 988 (9th Cir. 2001).......................................................................6

**STATUTES**

12 C.F.R. § 226.2(a)(25)............................................................................................8

12 C.F.R.§ 226.23(a)(1).............................................................................................8

15 U.S.C. § 1635(f) ...................................................................................................8

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

| | | |
|---|---|---|
| 1 | 18 U.S.C. | 10 |
| 2 | 18 U.S.C. § 241 | 11 |
| 3 | 18 U.S.C. § 872 | 11 |
| 4 | 18 U.S.C. § 1001 | 11 |
| 5 | 18 U.S.C. § 1962(b) | 9 |
| 6 | 18 U.S.C. § 1963 | 11 |
| 7 | 18 U.S.C. § 3571 | 11 |
| 8 | 18 U.S.C. § 3623 | 11 |
| 9 | Federal Rule of Civil Procedure 8 | 2 |
| 10 | Federal Rule of Civil Procedure 8(a)(2) | 5 |
| 11 | Federal Rule of Civil Procedure 8(e)(1) | 5 |
| 12 | Federal Rule of Civil Procedure 9(b) | 9 |
| 13 | Federal Rule of Civil Procedure 12(b)(6) | 2, 5, 7, 10 |
| 14 | Federal Rule of Civil Procedure 12(e) | 2, 6, 11 |
| 15 | Federal Rule of Civil Procedure 26 | 11 |
| 16 | UCC § 1-102 | 10 |
| 17 | UCC § 1-105 | 10 |
| 18 | UCC § 1-201 | 10 |
| 19 | UCC § 3-102(a) | 10 |
| 20 | UCC § 3-103 | 10 |
| 21 | UCC § 403 | 10 |
| 22 | UCC § 4-102 | 10 |

**CONSTITUTIONAL PROVISIONS**

| | | |
|---|---|---|
| | U.S. CONST. ART. I, § 3 | 7 |
| | U.S. CONST. ART. I, § 8 | 7 |

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The so-called "Criminal Complaint" of Plaintiff William Carter ("Carter") against Defendant First Federal Bank of California ("First Federal")[1] and others is one in a series of frivolous lawsuits filed with respect to the real property more commonly known as 1224 Weaver, San Diego, California, (the "Property"). The Complaint seems to borrow its disjointed reasoning, form and language from an ever-growing group of form lawsuits brought by *pro se* litigants against California lenders.

As referenced in the Complaint, the Property once belonged to Catherine Pope (the "Catherine Carter aka Catherine Pope" referred to in the Complaint), who took out a refinance loan from First Federal using the Property as collateral. Ms. Pope defaulted on her loan, and First Federal subsequently took title to the Property at the foreclosure sale. Ms. Pope even filed a complaint against First Federal in federal court, which has been dismissed. See Pope v. Countrywide Home Loans, et al., Case No 07 CV 925 JLS, Complaint attached as Exhibit "A" to Request for Judicial Notice ("RJN").

The Complaint is incomprehensible. The facts alleged by Carter are rambling and incoherent. The claims are unsupported by the "facts," and many of them simply do not exist as a matter of law. Further, Carter does not even clearly identify the parties against whom he is bringing this Complaint. Finally, Carter was never a borrower of First Federal, or even an owner of the Property in question.

First Federal seeks the dismissal of this Complaint with prejudice on the

---

[1] First Federal brings this Motion on its own behalf because the Complaint is ambiguous as to the identities of the parties named, and First Federal believes that the Plaintiff is suing it as an entity. However, First Federal respectfully requests the Court to consider this Motion to have been brought on behalf of First Federal and any of its officers the Court considers properly named in the Complaint.

following grounds:

    (a)    The Complaint does not state a single coherent claim, and fails to give First Federal proper notice of the claims against it. Fed. Rul. Civ. Proc. 8.

    (b)    None of the claims against First Federal are claims upon which relief can possibly be granted. Fed. Rule. Civ. Proc. 12(b)(6). It is impossible for the Court to grant relief to Carter based on any of his spurious claims as a matter of law.

    (c)    As a matter of law, Carter lacks standing to sue on claims based on criminal statutes and international treaties.

    (d)    Also as a matter of law, Carter cannot state a claim against First Federal as he never was in privity with First Federal, and the foreclosure sale of First Federal legally eliminated all junior interests.

In the alternative, should the Court not dismiss this case, First Federal requests that the Court require Carter to make a more definite statement . Fed. Rule. Civ. Proc. 12(e).

## II.
## FACTUAL HISTORY

A.    <u>Facts of the Case</u>

On or about June 9, 2005, Catherine Pope ("Pope") borrowed money from First Federal in the amount of $431,000.00. The funds were secured by a deed of trust covering the Property (hereinafter the "First Federal Deed of Trust"). (Request For Judicial Notice, Exhibit "A). Pope failed to make payments owed to First Federal, resulting in First Federal's filing a Notice of Default on or about February 8, 2007. (Request for Judicial Notice, Exhibit "B"). Thereafter, on June 14, 2007, First Federal foreclosed upon the Property and at the foreclosure sale, First Federal acquired lawful title to the Property.

(See Trustee's Deed Upon Sale, San Diego County Recorder Doc. No. 0401580, Exhibit "B" to RJN.)

Plaintiff, Carter, was never a borrower of First Federal. In addition, he does not own the Property. In fact, Carter has never owned the Property. The Complaint never explains what, if any, relationship Carter has with the Property. Further, the Complaint fails to allege any facts which show that First Federal has any relationship with Carter or could have damaged Carter. None of these facts implicate First Federal in any sort of wrongdoing; in fact, First Federal is not alleged to have taken any action at all with respect to these allegations. First Federal owns the Property and is therefore entitled to its possession. As a matter of law, a foreclosure sale extinguishes all junior interests, including possessory interests.

B.   Similar Cases in the Southern District

Carter's Complaint bears all the hallmarks of a recent wave of substantially similar frivolous form complaints which have been brought against lenders by *pro se* litigants. See Pope, supra, Exhibit "A" to RJN. First Federal first became aware of this pattern after a complaint filed by Charlotte Sneed. Multiple plaintiffs have filed substantially similar complaints in the Southern District of California, each of them relying on similarly invalid points of law, and each using almost identically indecipherable jargon. See Sneed v. Chase Home Finance LLC, et al., 07 CV 729, Complaint attached as Exhibit "C" to RJN; Belle v. Chase Home Finance LLC et al., 06 CV 2454, Complaint attached as Exhibit "D" to RJN; and Ashley v. First Federal Bank of California, et al., 07 CV 2123, Complaint attached as Exhibit "E" to RJN.

In each of these complaints, including the present Complaint, the plaintiffs allege securities counterfeiting, cite existing and fictitious international treaties (including the Treaty of the United Nations, the Universal Declaration of Human Rights, and the International Bill of Rights,), and seek the enforcement of criminal code provisions against lenders. Likewise, these complaints are all virtually incomprehensible. All of them have

been dismissed (with the exception of <u>Ashley</u> which is currently the subject of a Motion to Dismiss.)

These cases were dismissed due to deficiencies. <u>See</u> Order Dismissing First Federal from <u>Sneed</u>, Exhibit "F" to RJN; Order Dismissing <u>Pope</u>, Exhibit "G" to RJN; and Order Dismissing <u>Belle</u>, Exhibit "H" to RJN. While First Federal recognizes that this Court is not bound by these decisions, it respectfully requests the Court to consider their persuasive authority given the similarity of these frivolous cases. Carter's Complaint is similarly flawed, but unlike these complaints, Carter is not even a borrower. In addition, Carter has never owned the Property.

C. <u>Carter's Claims</u>

Carter's claims are conclusory, nonsensical, and do not work with the facts he has alleged to support his legal theories. Carter, as a private citizen, has no standing to bring many of his claims against First Federal, such as "domestic mixed war," treason, malfeasance and non-bonded agent. Further, most (if not all) of these claims are not cognizable as a matter of law. Other claims Carter brings against First Federal, such as criminal trespass, Racketeer Influenced and Corrupt Organizations ("RICO") violations, and his many various contractual claims are not claims which Carter can possibly support: First Federal owns the Property, and cannot trespass upon it. Carter has failed to allege the existence of an enterprise or even an unlawful purpose, much less specific facts to support these claims, and therefore his RICO claim is unjustified. Carter has failed to allege the existence of any contract between himself and First Federal, and has also failed to allege any facts showing that a waiver of any contractual right has occurred, or that any violation of the multiple UCC sections he cites has occurred in any instance.

# III.
# STANDARD OF REVIEW

## A. Federal Rule of Civil Procedure 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule also requires that each claim be "simple, concise, and direct." FED. R. CIV. P. 8(e)(1). These rules ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984). A complaint fails to give fair notice when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965).

## B. Federal Rule of Civil Procedure 12(b)(6)

A Complaint is appropriately dismissed when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

A Rule 12(b)(6) motion may take into consideration the exhibits and matters subject to judicial notice, and how they refute conclusory allegations of a complaint:

> The court need not...accept as true allegations that contradict matters

properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

C. <u>Federal Rule of Civil Procedure 12(e)</u>

Federal Rule of Civil Procedure 12(e) authorizes a defendant to move for a more definite statement if the complaint "is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" FED. R. CIV. PROC. 12(e). A complaint must provide the defendant with a sufficient basis to frame a responsive pleading. <u>Federal Sav. and Loan Ins. Corp. v. Musacchio</u>, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988). Generally, the court will require a more definite statement when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." <u>Delta Educ., Inc. v. Langlois</u>, 719 F.Supp. 42, 50 (D.N.H. 1989); <u>Bureerong v. Uvawas</u>, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) ("[A] motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading.").

## IV.
## **CARTER'S CLAIMS ARE NOT COGNIZABLE LEGAL CLAIMS**

Carter has made a litany of allegations against First Federal which are unsupported by any act of Congress or pendant common law tort or contract claim recognized in the state of California. Claims which are factually or legally impossible for a *pro se* plaintiff to prove are properly terminated, as "<u>a court may dismiss a *pro se* litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment.</u>" <u>Moore v. United States</u>, 193 F.R.D. 647, 651 (N.D. Cal. 2000) (emphasis added).

Carter has alleged the nonsensical claims that First Federal has committed acts of

treason, "domestic mixed war," and malfeasance, and additionally that First Federal did not actually loan money in connection with the loan secured by the Property. The facts in Carter's Complaint fail to establish how any of these claims, if true, would affect him. Further, Carter has failed to identify any act of Congress or other source of law which would give him standing to bring any of these claims in a civil lawsuit.

Treason is recognized in Article I section 3 of the United States Constitution as an act which can only be committed against the United States. Likewise, only Congress has the power to declare war. U.S. CONST. ART. I, § 8. Carter has not alleged that Congress has either declared war against First Federal, or given standing to private parties to sue for treason. It must also be remember that Carter was not a borrower of First Federal and never owned the Property.

The remaining claims for malfeasance are only supported by rambling, disjointed, recitations of seemingly unconnected facts and law. First Federal could not possibly have caused damage to Carter, as First Federal never had any relationship with Carter whatsoever. Carter's claims include allegations that First Federal has somehow committed an act against the people of California, "International Communities," and the "Universal Declaration of Human Rights" Carter has failed to allege how he has standing to claim that he has been personally damaged by First Federal's actions

None of these claims could ever be brought as a cognizable legal claim by an individual. It is impossible for Carter to replead these claims in a manner that could entitle him to relief. Therefore, these claims should be dismissed pursuant to Rule 12(b)(6).

V.

## CARTER LACKS STANDING AND CANNOT POSSIBLY ALLEGE THE REQUISITE FACTS TO ESTABLISH ANY OF THE ELEMENTS OF THE CLAIMS HE HAS ASSERTED AGAINST FIRST FEDERAL

A.   Carter Lacks Standing to Challenge the Deed of Trust Because He is Not a Borrower of First Federal and Has No Interest in the Weaver Property.

Carter lacks standing to challenge the First Federal Deed of Trust that formerly secured the Weaver Property because Carter was not a borrower of First Federal, never owned the Property, the Property has already been foreclosed upon. First Federal originally loaned money to Catherine Pope who subsequently sold the Weaver Property to "Seminole Mortgages," thereby extinguishing her interest in the Property. (See, RJN, Exhibit "H"). Because Carter has not interest in the Property, he cannot challenge the foreclosure of the deed of trust.

In addition, a borrower's right to rescind a mortgage expires upon transfer of the property. 15 U.S.C. § 1635(f). Regulation Z of the Truth in Lending Act expressly states that, "In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction[.]" 12 C.F.R. § 226.23(a)(1). As defined under Regulation Z, a "secured interest" is "an interest in property that secures performance of a consumer credit obligation[.]" 12 C.F.R. § 226.2(a)(25). Pope's transfer of the Weaver Property has terminated her standing to sue under the Truth in Lending Act: "[a]n obligor's right of rescission shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f) (emphasis added).

Carter has no ownership interest in Property, nor has he ever had any interest in the Property. Catherine Pope sold the property on March 23, 2007. First Federal completed a foreclosure on the Property on June 14, 2007. Therefore, Carter cannot allege any current or future interest in the Property because all interest in the Property was extinguished by Pope's sale of the property and subsequent foreclosure sale. (See Request for Judicial Notice, Exhibit "D").

B.  **Carter Has Failed to Plead Any Facts or Law Which Support His RICO and RICO Conspiracy Claims**

Carter has failed to allege any facts exist which could possibly sustain his RICO

conspiracy claim against First Federal. Rather, he has alleged that First Federal and others have raised revenue by fraud and extortion, and "theft of exemption and the general public at large." He further claims that First Federal has counterfeited securities under a RICO enterprise.

As a preliminary matter, civil RICO is a form of fraud and any claim of a RICO violation must be plead with particularity. FED. RUL. CIV. PROC. 9(b); Alan Neuman Productions, Inc. v. Alrbright, 862 F.2d 1388, 1392 (9th Cir. 1988). Carter has not claimed that First Federal has engaged in a pattern of unlawful activity or a collection of unlawful debt. 18 U.S.C. § 1962(b). Likewise, he has not complied with the more specific pleading formalities of RICO, which require that Carter "must state the time, place, and specific content of the false representations as well as the identities of the parties to the litigation." Schreiber Distributing Co. v. Serv-Well Furniture Co, Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

Carter has additionally alleged, without any specificity, that First Federal has counterfeited securities. Carter fails to explain what security he believes First Federal counterfeited or how that alleged counterfeiting damaged him. Nor does Carter allege any facts regarding when or where the alleged counterfeiting occurred. Moreover, the code sections to which Carter has cited are only applicable as criminal penalties. See Complaint at 17, citing to Title 18 of the U.S. Code. Nowhere in the Complaint does Carter identify the act of Congress that vests him with a private right of civil action to pursue a counterfeiting claim.

Carter has made no specific statements of fact to show exactly how First Federal has violated RICO. His RICO claims are conclusory, and assume that First Federal has violated and conspired to violate the substantive provisions of RICO without alleging any facts to support this proposition. The only allegation he makes in support of RICO violations is the criminal counterfeiting of securities, an act for which he has no standing to sue. He has cited no law in support of his claim that First Federal has violated RICO. His RICO allegations are bare legal conclusions and are wholly without merit. Therefore, his

1  RICO and RICO conspiracy claims should be dismissed pursuant to Rule 12(b)(6).

3  C.  <u>Carter Has Failed to Allege the Existence of Any Contract Between Himself and First Federal, and Therefore First Federal Cannot Have Committed the Contractual Violations Alleged in the Complaint</u>

Carter has alleged that First Federal has committed several various contractual violations, including the waiver of contractual right, and various UCC provisions. Yet Carter has failed to allege that he and First Federal have a contractual relationship, nor has he attached any contract evidencing this relationship.

Unsurprisingly, Carte cites no facts to support his claim that First Federal has waived a contractual right. In fact, the language in this claim appears to be a boilerplate non-waiver of contractual right clause which would appear in a contract. The language of this provision would militate against First Federal having waived any contractual rights it would have against Carter, stating that "[t]he failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver or limitation of that Party's right [sic] agreement." <u>See</u> Complaint, p. 18. Ashley has admitted in this section of the Complaint that it is impossible for First Federal to have waived any contractual right, foreclosing the possibility that he may replead this claim with any hope of success. Therefore, this claim should be dismissed with prejudice.

The Complaint also refers to several Uniform Commercial Code ("UCC") provisions which Carter believes First Federal has violated. These provisions include UCC 3-103, 403, 1-201, and 1-105. However, Carter has not alleged at any point in the Complaint that any contract existed between himself and First Federal. Moreover, he has not alleged any facts at all in support of these alleged UCC violations. Further, the UCC is restricted to commercial transactions, and does not affect real property. UCC 1-102, 3-102(a), and 4-102. Therefore, these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

1  D.  <u>Carter Has No Right to Bring the Criminal Code Violations Alleged in the Complaint</u>

At the end of his Complaint, Carter demands payment of <u>one billion dollars</u> for various "crimes" First Federal has committed against him, in addition to an unidentified human rights violation. <u>See</u> Complaint, p. 19. As he has done throughout the Complaint, Carter has omitted any facts in support of this claim.

In support of his rights under the various criminal claims he has brought against First Federal, Carter cites exclusively to provisions of Title 18 of the United States Code, which provides for criminal penalties. <u>See</u> Complaint, p. 19 (citing to 18 U.S.C. §§ 241, 872, 1001, 1963, 3571, and 3623). None of these provisions provide a civil right of recovery to claimants. Since these claims cannot possibly provide relief to Carter, his claims against First Federal should be dismissed under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Moore</u>, <u>supra</u>.

## VI.

## **IF THE COURT DOES NOT DISMISS THE COMPLAINT AS TO FIRST FEDERAL, CARTER SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT**

Should the Court decide not to dismiss this case, First Federal requests that Carter be ordered to provide a more definite statement. Federal Rule of Civil Procedure 12(e) authorizes the Court to order a plaintiff to provide a more definite statement if portions of a complaint are so vague and ambiguous that the defendants cannot reasonably frame a responsive pleading.

First Federal will be prejudiced if it is forced to respond to the vague allegations in this Complaint under the disclosure requirements of Federal Rule of Civil Procedure 26. Therefore, if the Complaint is not dismissed, First Federal requests that the Court require Ashley to submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

## VII.

## CONCLUSION

For the foregoing reasons, First Federal respectfully requests that the Court dismiss this action in its entirety with prejudice or, in the alternative, that the Court order Carter to provide a more definite statement.

DATED: December 31, 2007          EPPORT, RICHMAN & ROBBINS, LLP


By: /S/
_____
H. MARK MADNICK
Attorneys for Defendant
FIRST FEDERAL BANK

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 800, Los Angeles, California 90067-2512.

On December 31, 2007, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FIRST FEDERAL BANK OF CALIFORNIA:(1) TO DISMISS ALL CAUSES OF ACTION AGAINST FIRST FEDERAL BANK OF CALIFORNIA [F.R.C.P. (8) 12(b)(6)]; OR, IN THE ALTERNATIVE, (2) FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Epport, Richman & Robbins, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this Proof of Service.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 31, 2007, at Los Angeles, California.

/S/_____
Darice Pequignot

**SERVICE LIST**
**WILLAM CARTER v. COUNTRYWIDE HOME LOANS, et al.**
Case No. 07-CV-02334-WQH (WMC)

| | |
|---|---|
| William Carter<br>5778 Midwick Street<br>San Diego, California 93065 | In Pro Se |
| Attorney General<br>State of California<br>Office of the Attorney General<br>110 West A Street, Suite 1100<br>San Diego, California 92101-5266 | Attorney for Defendant<br>Superior Court Chief Clerk C. Sclinsky |

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787